Mr. Justice ClaytoN
delivered the opinion of the Court.
This was a motion made in the Circuit Court of Carroll county to quash a forthcoming bond. The bond was returned forfeited, to the October term, 1839, of the Court, and the motion to quash was made at the April term, 1842.
It is admitted by the counsel of the plaintiffs in error, that, as a general rule, a motion to quash after the return term of the execution *66 and bond, comes too late ; but it is insisted that the rule does not apply where the bond is void, and not merely voidable.
The decisions of this Court go the length of establishing, that an order of the Court, quashing a forthcoming bond after the return term, is itself void. If the Court at such term overrule the' motion to quash, its judgment must be correct. It could have no power to quash. How can this Court look at the bond on which the judgment was rendered. The bill of exceptions was taken at a time when the Court had no right to act in the matter at all. If it had no jurisdiction over the question, we cannot even look at the bill of exceptions sealed, when the Court had no right to seal it, to correct any alleged error'-of judgment. We must say that the Court did right in declining to act.
Upon inspection of the bond, we are not prepared to say that it is void. It is not formal, because it does not say, in so many words, what property is to be delivered. 'Yet no one can doubt the intention of the parties. If the words “ said property ” were inserted after the word deliver in the bond, all would be formal and right. Those words, upon well established principles, may be supplied by intendment, rather than suffer the object of the law and the intention of the parties to be frustrated. See Connor v. Routh, Opn. Book, B. 293; 9 Yerger, 11.
We do not mean to say, that, in the case of a forthcoming bond which is absolutely void, the parties to it are entitled to no relief after the return term ; but we think the remedy is not by motion to quash.
The judgment of the Court below in overruling the motion is affirmed.